# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK HOLLAR<br>7254 Borror Road<br>Orient, Ohio 43146 | : : : : : | |
| Plaintiff, | : : | CASE NO. 2:18-cv-617 |
| v. | : : | JUDGE |
| | : : | MAGISTRATE JUDGE |
| CENTRAL OHIO TRAUMA SYSTEM<br>1390 Dublin Road<br>Columbus, OH 43215 | : : : : | **Jury Demand Endorsed Herein** |
| and | : : | |
| COLUMBUS MEDICAL ASSOCIATION<br>1390 Dublin Road<br>Columbus, OH 43215 | : : : : | |
| c/o Agent, National Registered Agents, Inc.<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | : : : : | |
| Defendants. | : | |

## COMPLAINT

NOW COMES Plaintiff Mark Hollar ("Plaintiff") and proffers this Complaint for damages against Defendant Columbus Ohio Trauma System and Defendant Columbus Medical Association. ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111. This Court's jurisdiction in this matter is also predicated upon 28

U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

2. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, Plaintiff performed his job duties there, and Defendants are doing and have done substantial business in the Southern District of Ohio.

3. Plaintiff was an "employee" as defined in Chapter 4111 of the Ohio Revised Code, and the Fair Labor Standards Act.

4. Defendants are "employers" as defined in Chapter 4111 of the Ohio Revised Code, and the Fair Labor Standards Act.

## THE PARTIES

5. Plaintiff is a natural person residing in Franklin County, Ohio.

6. Defendant Columbus Medical Association is a non-profit corporation incorporated under the laws of the State of Ohio.

7. Defendant Central Ohio Trauma System is a non-profit corporation incorporated under the laws of the State of Ohio and is an affiliate of Defendant Columbus Medical Association.

8. Defendants conduct business in the Southern District of Ohio and employed Plaintiff in the Southern District of Ohio.

## FACTUAL BACKGROUND

9. Plaintiff began working for Defendant Central Ohio Trauma System on or about December 3, 2012.

10. Plaintiff was hired as a Disaster Operations Specialist, an hourly, non-exempt position.

11. The bulk of Plaintiff's job duties involved staffing the Healthcare Incident Liaison ("HIL"), which is a dispatch center used to alert hospitals, fire departments and emergency services agencies of unusual situations occurring in a fifteen (15) county region throughout Ohio.

12. Plaintiff was expected to staff the HIL while at the office and while on-call, after normal working hours and on weekends.

13. Plaintiff and two other employees were responsible for being on-call to staff the HIL on a 24-hour basis.

14. The on-call shift is a thirty-day (30) continuous shift for 24 hours per day.

15. Staffing the HIL while on-call requires a response from the on-call employee within 5-10 minutes if a call comes in.

16. The on-call employee is required to have the following items fully accessible while on-call, at all times: laptop computer (fully charged), access to internet, access to Microsoft Office 365, access to Central Ohio Healthcare Disaster Information Management System, access to emergency alert system to send out pages, WiFi, HIL manual (hard copy book), HIL computer thumb drive, handheld MARCS walkie talkie radio and cell phone with pager application.

17. In addition to having these items, the on-call employee must be able to keep all devices fully charged while on-call, to avoid an outage and to ensure he/she has the ability to respond.

18. While on-call, the employee must remain in the State of Ohio.

19. The on-call employee keeps a HIL logbook that details the date and time of all activities performed while on-call.

20. Because of these restrictions, Plaintiff was unable to use on-call time for his own benefit.

21. Additionally, Defendants only compensated employees for time spent working while on-call when the "incident" lasted longer than thirty (30) minutes.

22. There were numerous occasions when Plaintiff was working while on-call and performing work for Defendant, but because the work performed was for less than thirty minutes at a time, he was not compensated for the time worked.

23. "Large" incidents that took over thirty minutes to resolve were required to be logged and a report generated. Plaintiff only received overtime pay if the time spent working on the incident was longer than thirty minutes.

24. Plaintiff was never compensated for time he spent working while on-call, for incidents that lasted less than 30 minutes.

25. Plaintiff was never compensated for time spent while he was remaining on-call, even though he was restricted from using his time for his own benefit.

26. Plaintiff's activities while on call were severely limited, because the large number of resources needed and the mandate to respond within 5-10 minutes made it almost impossible for him to engage in normal tasks such as going out to dinner, going to the grocery store, going to the gym for a workout, etc.

27. Plaintiff was severely limited in travel and activity because he could never be anywhere that he did not have immediate access to Wi-Fi while on call.

28.     Plaintiff spent a significant amount of his employment with Defendant on-call and was not compensated for doing so.

29.     On March 1, 2017, Plaintiff sent a letter to Sherri Kovach, Executive Director for Defendant Columbus Ohio Trauma System. In the letter, Plaintiff explained he had spoken to her previously, on several occasions, regarding the HIL on-call policy.

30.     Prior to this letter, Plaintiff had several verbal conversations with Director Kovach about the fact that he believed the policy to be unlawful, as it did not compensate him for being on-call, in violation of the FLSA and Ohio law.

31.     In the March 1st letter, Plaintiff reiterated that he believed the policy to be illegal because he was not paid for his on-call hours.

32.     Plaintiff also informed her that he was told by Jodine Keller, Associate Director for Defendant Columbus Ohio Trauma System, that being on-call was mandatory and he was not entitled to additional compensation.

33.     In closing, Plaintiff asked Ms. Kovach to formally review the policy with a labor professional in order to get an opinion as to its legality.

34.     On or about May 11, 2017, Plaintiff was terminated from his position.

35.     Because of Plaintiff's complaints regarding the on-call policy, Defendant retaliated against him and terminated his employment.

36.     Prior to his termination, Plaintiff had never been disciplined or written up.

37.     Plaintiff's most recent performance review, issued on February 23, 2017, was extremely positive and contained no criticism.

38.     Accordingly, the proffered reasons for Plaintiff's termination are untrue, retaliatory, and pretextual.

## COUNT I
## FLSA – Unpaid Overtime

39. All of the preceding paragraphs are realleged as if fully rewritten herein.

40. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

41. At all times relevant herein, Plaintiff was employed as a Disaster Operations Specialist, an hourly, non-exempt position.

42. Plaintiff routinely worked in excess of forty hours per week, as he was frequently on-call, performing work for Defendants and/or so restricted while on call that he could not use his time for his own benefit.

43. Plaintiff should have been paid the overtime premium for hours worked in excess of forty hours per week.

44. Defendants knew or should have known of the overtime payment requirement of the FLSA.

45. During the entire duration of Plaintiff's employment, Defendants knowingly and willfully failed to pay Plaintiff the overtime wages he was due.

46. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendants' willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT II
## O.R.C. 4111.03 – Unpaid Overtime

47. All of the preceding paragraphs are realleged as if fully rewritten herein.

48. This claim is brought under Ohio Law.

49. Defendants' repeated and knowing failure to pay overtime wages to Plaintiff was a violation of Section 4111.03 of the Ohio Revised Code.

50. For the Defendants' violations of O.R.C. 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio Law.

## COUNT III
### FLSA Retaliation

49. All of the preceding paragraphs are realleged as if fully rewritten herein.

50. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

51. Plaintiff engaged in a protected activity when he informed Defendants they had misclassified him and failed to pay him the required overtime premium as required by law.

52. Defendants knew that Plaintiff engaged in such protected activity.

53. Shortly after Plaintiff engaged in such protected activity, Defendants terminated Plaintiff.

54. Because Plaintiff engaged in the aforementioned protected activity, Defendants took an adverse employment action by terminating Plaintiff's employment and denying him the salary, benefits, and other terms, privileges, and conditions of employment for which Defendants are liable.

55. As a direct and proximate result of Defendants' willful and intentional conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. Accordingly, Plaintiff seeks liquidated damages, punitive damages, interest

and attorneys' fees, and all other remedies available, as a result of Defendants' retaliation in violation of 29 U.S.C. §215.

## COUNT IV
### O.R.C. 4113.15– Unpaid Wages

56. All of the preceding paragraphs are realleged as if fully rewritten herein.

57. Defendants violated Ohio's Prompt Pay Statute by failing to pay Plaintiff's wages.

58. Defendants did not pay Plaintiff for the hours he spent working while on-call, but performing tasks that took less than thirty (30) minutes, nor was he compensated for time spent while on-call but so restricted that he could not use his time to his own benefit.

59. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as result of Defendants' conduct.

## COUNT V
### O.R.C. § 4111.02 OMFWSA- Failure to Pay Minimum Wage

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. This claim is brought pursuant to the Ohio Minimum Fair Wage Standards Act.

62. Section 4111.02 of the Ohio Revised Code requires an employer to pay its employees at a wage rate not less than the minimum wage rate set forth in the Ohio Constitution.

63. Plaintiff performed work for Defendants but was not paid for all work he performed while employed by Defendant, as he performed work while on-call and was not paid if the work was less than thirty minutes per "incident" and was not paid for time spent on-call when he was too restricted to use his time for his own benefit.

64. Defendants' knowing failure to pay minimum wage to Plaintiff was, and continues to be, a violation of the OMFWSA.

65. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as result of Defendants' willful failure and refusal to pay minimum wage.

## COUNT VI
## FLSA – Failure to Pay Minimum Wage

66. All of the preceding paragraphs are realleged as if fully rewritten herein.

67. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

68. At all times relevant herein, Plaintiff was employed by Defendants as a non-exempt, hourly employee.

69. Defendants refused to pay Plaintiff for hours worked while on-call, when the "incident" was less than 30 minutes in length and refused to pay Plaintiff for time spent on-call when he was too restricted to use his time for his own benefit.

70. Defendants were or should have been aware that it failed to pay Plaintiff minimum wage for each hour worked.

71. The Defendants' repeated and knowing failure to pay minimum wage to Plaintiff was a violation of the FLSA.

72. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as a result of Defendants' willful failure and refusal to pay minimum wage.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $150,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Rachel A. Sabo, Esq.
Rachel A. Sabo (0089226)
Peter G. Friedmann (0089293)
(Rachel@TheFriedmannFirm.com)
(Pete@TheFriedmannFirm.com)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, Ohio 43207
(614) 610-9757: Phone
(614) 737-9812: Fax

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ Rachel A. Sabo, Esq.
Rachel A. Sabo (0089226)